### GREENE et al. v. MANHATTAN REFRIGERATING CO.

(Circuit Court, S. D. New York. February 24, 1902.)

**1. PATENTS—VALIDITY AND INFRINGEMENT—AUTOMATIC LUBRICATORS.**
The Buckley patent, No. 590,297, for a force-feed lubricator, the object of the invention being to provide a means whereby several machines may be automatically supplied from a single lubricator and the quantity of oil fed to each regulated, *held* valid as against the defenses of lack of invention, anticipation, and prior use. Also *held* infringed.

In Equity. Suit for infringement of letters patent, No. 590,297, for a force-feed lubricator, granted to John Buckley September 21, 1897. On final hearing.

B. F. Lee and W. H. L. Lee, for complainants.
George W. Hey, for defendant.

COXE, Circuit Judge. This action is founded on letters patent, No. 590,297, granted September 21, 1897, to John Buckley, of Rochester, N. Y., assignor to the Rochester Automatic Lubricator Company, for improvements in force-feed lubricators. The patent is now owned by complainants.

The object of the invention is to provide means whereby several machines may be supplied from a single lubricator and the quantity of oil fed to each regulated to a nicety. The patentee says:

"In my device I provide a single construction embodying one movable part operated from any convenient prime mover, as the engine itself, and connected with this part are independently adjustable feeding devices, as pumps, so that by means of the adjustments the operator can regulate not only the exact quantity that is required for any moving parts without stopping the operation of the movable part or device, but the frequency with which this quantity is supplied.

"The invention consists in certain improvements whereby the above objects are carried out, and also in certain details of construction, all of which will be more fully stated in the claims at the end of this specification."

The patent has eight claims, all being involved but the fourth, fifth and eighth. The claims involved are as follows:

"1. In a lubricator, the combination with the reservoir, the cylinder outside of the latter, having the inlet-passage leading from the cylinder, the check-valve therein, and the exit-passage having the check-valve therein, of the piston operating in the cylinder, the reciprocating cross-head having a constant stroke, and the relatively adjustable stops between opposite sides of the head and the piston, whereby the stroke of the piston may be adjusted to any portion of that of the head, substantially as described.

"2. In a lubricator, the combination with the reservoir, of the two cylinders outside of the reservoir, inlet and exit passages for the cylinders, and check-valves therein, the two pistons 4 operating in the cylinders, the reciprocating cross-head 7, and the relatively adjustable stops on each of the pistons with which the cross-head engages, substantially as described.

"3. In a lubricator, the combination with a reservoir two pump-cylinders having supply and discharge passages and valves therein, of a reciprocating member, as a cross-head, two pistons operating in the cylinders having the collars and adjustable nuts thereon, co-operating with the member, whereby the stroke of the pistons may be independently regulated, substantially as described."

"6. In a lubricator, the combination with the reservoir, a pump-cylinder, inlet and discharge passages and valves therein, of the piston operating in the cylinder, the reciprocating member, as a cross-head, adjustable slip connections between the piston and reciprocating member for regulating the length of stroke of the former relative to the length of stroke of the latter, the cam-wheel actuating the member, an actuating device for the cam-wheel, as rod 29, and adjustable connections between said actuating device and the cam-wheel, whereby the speed of the cam-wheel may be adjusted relative to the speed of the actuating device, substantially as described.

"7. In a lubricator, the combination with the reservoir, two pump-cylinders, inlet and discharge passages and valves therein, and pistons operating in the cylinders, of a rotary cam-wheel, a reciprocating member, as a cross-head, actuated from the cam-wheel, independent adjustable slip connections between each of the pistons and said member for regulating their stroke relative to the length of stroke of the member, actuating devices, as a rod 29, for rotating the cam-wheel, and adjustable connections between said actuating devices and the wheel, whereby the speed of the cam-wheel may be changed, substantially as described."

Claims 1 and 6 relate to single lubricators and claims 2, 3 and 7 relate to double lubricators. The single lubricator supplies oil to one place only, while the double lubricator supplies more than one part of a given machine.

The defenses are noninfringement, anticipation, lack of novelty and invention, and public use and sale more than two years before the application.

The defendant's principal reliance, so far as prior patents are concerned, seems to be based upon the English patent to John H. Siegrist of September, 1889. This patent shows a complicated lubricating mechanism built into the machine and in this respect it is unlike the Buckley device which can be attached to and removed from the machine to be lubricated without changing the structure of either. In the Buckley lubricator the flow of oil to and from the pump cylinders is controlled by check valves and the quantity of oil supplied can be regulated by varying the length of stroke of the pump piston which is adjustably connected with the reciprocating cross-head. These features are not found in the Siegrist mechanism. Many other differences might be pointed out, but it is unnecessary to do this be-

cause it cannot be contended successfully that the Siegrist patent is an anticipation and it is thought that it involved something more than the skill of the calling to change the complicated and, apparently, useless device there described into the practical, simple and useful device invented by Buckley.

The same observations are true of the other prior patents. They show many features found in the Buckley lubricator, but none of them shows the combinations which are covered by the claims in controversy. The Buckley invention was completed September 19, 1896; the application was filed January 2, 1897. The alleged prior use by Kane has not been established beyond a reasonable doubt. An attempt was made to show that a lubricator, having the essential features of the Buckley structure, was installed at the Buffalo Pumping Station on engine No 8, July 4, 1896, but the testimony is so full of contradictions and uncertainty, both as to time and as to the details of construction, that the court is warranted in rejecting it as not possessing the probative force required by the well-known rule.

The defense that Bauerlein and not Buckley was the inventor of the lubricator in controversy has not been established. The testimony of Bauerlein is inherently improbable and the attempt to corroborate him is insufficient. The weight of testimony and the presumptions to be drawn from undisputed facts all point to Buckley as the inventor.

The principal defense relied on is noninfringement, it being argued that the claims must be so limited that they do not include the Sterling single and double lubricators used by the defendant.

It is insisted that the defendant's lubricators do not have a cylinder outside of the reservoir having an inlet passage leading therefrom into the reservoir and a check-valve therein; that they do not have a reciprocating cross-head having a constant stroke, and the relatively adjustable stops between opposite sides of the head and the piston, as required by the first claim, or "the reciprocating member, as a cross-head" and "adjustable slip connections," as required by the sixth claim.

It is also argued that the Sterling lubricators do not have the two cylinders outside the reservoir, with inlet and outlet passages and check-valves therein, and the cross-head and piston as described in the specification and drawings and claimed in the second claim; that they do not have the two pistons having collars and adjustable nuts thereon co-operating with the cross-head, as required by the third claim, or the cross-head and adjustable slip connections, as required by the seventh claim.

The Sterling lubricators have an oil reservoir and the single and double pump cylinders, respectively. There are inlet and outlet passages connected with these cylinders with check valves and a piston or pistons operating therein. There is a rotary cam-wheel and a reciprocating member which oscillates above the cam. There are independent adjustable connections arranged to slip along the reciprocating member, actuating devices for rotating the cam-wheel and adjustable connections by which the speed of the cam-wheel may be changed.

In short, it is impossible to escape the conclusion that the defendant is using lubricators having all the valuable and essential features of the patented structure and that the differences between the two are of form rather than substance. There are many of these differences which it is unnecessary to enumerate, for they all seem to be ingenious changes made for the purpose of avoiding the letter while appropriating the spirit of the invention.

In short, the court agrees with the following statement of the complainants' expert witness.

"The Sterling lubricators have, it is plain, the same general organization, and mode of operation as the lubricator set forth in the patent in suit, producing the same results. The Sterling lubricators, as well as that of the patent in suit, have means of adjusting the stroke of the pistons and thereby the quantity of oil, and also means for adjusting the frequency of the piston's operation. And in the Sterling lubricators, as well as in that of the Buckley patent, the operating devices for the pump pistons are all located outside of the oil reservoir, where they are conveniently accessible.

"As is obvious from my preceding description, the Sterling lubricators differ in mechanical details from that of the Buckley patent, but that does not affect their substantial identity, since the mechanical details of the Sterling lubricators (where different) are the mechanical equivalents of the details set forth in the Buckley patent, which accomplish the same results."

The complainants are entitled to the usual decree.